**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM WORLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. CIV-05-1117-HE |
| | ) |
| NATIONAL FIRE INSURANCE | ) |
| COMPANY OF HARTFORD, d/b/a | ) |
| CNA INSURANCE COMPANIES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the court is plaintiff's motion to remand this case to the District Court of McClain County, State of Oklahoma. Defendant has responded in opposition to the motion. Upon consideration of the parties' submissions, the court concludes plaintiff's motion to remand should be granted.

Asserting that the parties in this action are diverse and that the amount in controversy "appears" to exceed the sum of $75,000, defendant removed this action from state court. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."). Plaintiff moves to remand, stating "no money is at issue" in this case because he is merely seeking to enforce an arbitration clause in an insurance contract. Defendant responds that the amount in controversy in a case seeking to compel arbitration is determined by the amount sought in the underlying arbitration.

When determining jurisdiction, this court "'must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states.'" Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1339 (10th Cir. 1998)). The burden rests on the party requesting removal to demonstrate by at least a preponderance of the evidence that the court has jurisdiction. Martin, 251 F.3d at 1290. Because federal courts are courts of limited jurisdiction, the law imposes a presumption "'against removal jurisdiction.'" Martin, 251 F.3d at 1289 (quoting Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)). Any doubts concerning removability must be resolved in favor of remand. Martin, 251 F.3d at 1290. When the amount in controversy is at issue, the court looks to the allegations of the complaint, or, where they are not dispositive, to the allegations contained in the notice of removal to determine whether or not the amount in controversy requirement has been met. Laughlin, 50 F.3d at 873.

As defendant correctly notes, in determining the amount in controversy in cases where arbitration is sought or where the right to arbitration is in issue, a court looks to the nature of the underlying dispute to make the determination. Woodmen of World Life Ins. Society v. Manganaro, 342 F.3d 1213, 1217 (10th Cir. 2003). Here, however, that exercise does not result in a determination that over $75,000 is actually in issue. The complaint makes no allegation as to the extent of losses plaintiff seeks recovery for and it is not obvious from the circumstances described that losses in excess of $75,000 are involved. See, e.g., Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999) (requisite jurisdictional

amount not satisfied when, based on the allegations of the complaint, defendant "could only guess as to whether the claim exceeded $75,000"). Where the amount in controversy cannot be determined from the face of the complaint, a court looks to the allegations in the notice of removal. The notice of removal must do more than simply speculate about the amount in controversy or make conclusory assertions about the amount. Rather, it must set forth underlying facts supporting the assertion that over $75,000 is in issue. Laughlin, 50 F.3d at 873. Here, the notice of removal does not do that. Defendant has failed to meet its burden of establishing the requisite jurisdictional amount by a preponderance of the evidence. Martin, 251 F.3d at 1289-90.

Accordingly, plaintiff's motion to remand is **GRANTED** and this case is **REMANDED** to the District Court of McClain County.

**IT IS SO ORDERED**.

Dated this 19th day of December, 2005.

JOE HEATON
UNITED STATES DISTRICT JUDGE